(No. 3665—)

LEO J. HAHN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 12, 1944.*

LISLE W. MENZIMER, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This complaint was filed on November 28, 1941, for benefits under the Workmen's Compensation Act; claimant seeks an award for total disability.

The record discloses that this claimant was first employed by the respondent in the Division of Highways in February, 1933, as a maintenance patrolman. On July 2, 1940, claimant was injured while engaged in cutting grass and weeds with a mower on U. S. Route 20, about one mile east of Pecatonica Corners, Winnebago County.

The injury occurred when claimant stepped into a concealed hole, causing an injury to his back.

Claimant continued work until the 15th day of July, 1940, at which time he placed himself under the care of a physician. Later the respondent had him transferred to Chicago, there to be under the care and observation of Dr. H. B. Thomas, orthopedic surgeon.

From the 15th day of July, 1940, to the 25th day of November, 1940, claimant was under the care of Dr. Thomas. He recommended that claimant return to light work. On the last mentioned date, claimant returned to his work on orders of this doctor and continued in his employment until the 7th day of December, at which time he ceased his employment and again was under the care of physicians until the 10th day of February, 1941. On that date he found other employment, selling feed to dealers, which he continued to follow until June 10, 1941. While employed as a salesman, as aforesaid, he testified he was only able to work part time, and that as a result of his condition he earned approximately $50.00 per month. On June 10, 1941, he found he was able to devote full time to his employment and has been employed regularly since then.

The report of the Division of Highways filed herein shows that all medical, surgical and hospital bills were paid by the respondent and that claimant was paid compensation by the Division of Highways for temporary total disability for periods from July 16 to November 24, inclusive, and from December 8 to December 11, 1940, inclusive, a total of 19 weeks, amounting to the sum of $447.70.

From a consideration of the record herein, the Court finds:

That the claimant and the respondent were, on the 2nd day of July, 1940, operating under the provisions of the Workmen's Compensation Act; that on the date last above mentioned said claimant sustained accidental injuries which arose out of and in the course of the employment; that notice of said accident was given said respondent and claim for compensation on account thereof was made on said respondent within the time required under the provisions of said Act;

That the earnings of the claimant, during the year next preceding the injury, were $1,620.00, and that the average weekly wage was $31.15;

That claimant, at the time of the injury, was 41 years of age, and had three children under sixteen years of age;

That necessary first aid, medical, surgical and hospital services had been provided by the respondent herein;

That as a result of said accidental injury, and commencing on the 15th day of July, 1940, until the 25th day of November, 1940, and from the 7th day of December to the 10th day of February, the claimant was totally incapacitated for work and is entitled to have and receive an award for twenty-eight weeks, at $19.80 per week, totalling $554.40;

That from February 10 to June 10, 1941, claimant was employed and earned approximately $50.00 per month. This amounts to the sum of $19.61 less per week than he was able to earn before the accident. Under Section 8, paragraphs (d) and (h) of the Act, claimant is entitled to 50% of the difference between the average amount he earned before the accident and the average amount he earned after the accident. His earnings lessened to that extent for a period of 18 weeks, amounting

to the total sum of $352.98. This makes a total award due this claimant of $907.38. Of that amount the sum of $447.70 has been paid to claimant by the respondent for unproductive work, which must be deducted.

An award is hereby entered in favor of claimant, Leo J. Hahn, in the sum of $459.68, all of which has accrued and is now payable in a lump sum.